Liu v Carrion

2026 NY Slip Op 01953

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

David Liu, et al., appellants,

v

Adolfo Carrion, Jr., etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-10557, (Index No. 520515/22)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Smikun Law, PLLC (Leon P. Hart, Westbury, NY, of counsel), for appellants.

Steven Banks, Corporation Counsel, New York, NY (Devin Slack and Jonathan A. Popolow of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring that a lien the defendant New York City Department of Housing Preservation and Development placed upon the plaintiffs' property is null and void, the plaintiffs appeal from an order of the Supreme Court, Kings County (Patria Frias-ColÓn, J.), dated September 8, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.

ORDERED that the order is affirmed, with costs.

On October 7, 2020, the defendant New York City Department of Housing Preservation and Development (hereinafter HPD) filed a notice of lien in the Kings County Clerk's Office seeking "hotel/shelter expenses" and administrative costs in the total amount of $73,287.89, purportedly incurred in providing relocation services for displaced tenants of premises owned by the plaintiffs pursuant to the Administrative Code of the City of New York § 26-301(1)(a)(v). Thereafter, the plaintiffs commenced this action, inter alia, for a judgment, in effect, declaring that HPD lacks the authority to place a lien upon the plaintiffs' property for reimbursement of relocation expenses because the persons on whose behalf HPD purportedly incurred relocation expenses were not "tenants" within the meaning of Administrative Code § 26-305 and enjoining HPD from enforcing the lien. The defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order dated September 8, 2023, the Supreme Court granted the defendants' motion. The plaintiffs appeal.

Where, as here, "'there [is] no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure'" (Matter of Retek v City of New York, 14 AD3d 708, 709, quoting Matter of Lowe, 4 AD3d 476, 476; see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y., 29 NY3d 45; 2922 LLC v Been, 158 AD3d 428, 429). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.

In light of our determination, we need not reach the plaintiffs' remaining contention.

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court